(No. 31786.
WILLIAM H. LOEHDE *et al.*, Appellees, *vs.* STANLEY RUD-NICK *et al.*, Appellants.

*Opinion filed March 22, 1951.*

GERARD A. SERRITELLA, of Chicago, for appellants.

· OWEN N. PRICE, and LEE W. CARRIER, both of Chicago, for appellee William H. Loehde.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal by two defendants and cross applicants, Stanley Rudnick and Frances Rudnick, from a decree of the circuit court of Cook County ordering registration of appellee William H. Loehde's fee-simple title to a certain parcel of land situated in Cook County, in accordance with the Torrens Act. Because a freehold is involved, the appeal is taken directly to this court.

This appeal was docketed in this court on a short record, there being no report of proceedings filed and nothing in the record other than the decree of the circuit court for registration of title entered on June 30, 1950, and the notice of appeal and other documents with reference to the perfection of the appeal. Therefore, the only facts which this court has before it are those recited in the decree appealed from, none of the evidence or exhibits having been made available to this court.

It appears from the decree that William H. Loehde filed an original application for registration of title under the Torrens Act and that Stanley Rudnick and Frances Rudnick, his wife, filed an answer thereto and they also filed a cross application for registration of title to the premises and that William Loehde filed an answer thereto. The court held that Loehde was the owner in fee simple of the real estate, deriving his title by an unbroken chain of conveyances from the United States Government. The controversy between the parties is occasioned by the fact that Maryanna Welnicki, a widow, acquired, by quitclaim deed dated October 2, 1926, all the right, title and interest of one

Gage and wife in said premises. They were the remote grantees of the county clerk of Cook County under sale of the premises for delinquent taxes. Mrs. Welnicki then entered into a contract to move a four-family flat building onto the premises, which was accomplished in December, 1926, under the supervision of Stanley Rudnick, her son-in-law. Stanley Rudnick did certain painting, decorating and plumbing work in connection with the building after it had been moved onto the premises and Mrs. Welnicki and her daughter, Maryanna Zielinski, occupied one of the flats, the Rudnicks occupied another flat and two other flats were rented to other families who paid rent unto Stanley Rudnick. In October, 1928, Mrs. Welnicki quitclaimed the premises to the Rudnicks, who on the same date reconveyed the same to Mrs. Welnicki and Maryanna Zielinski as joint tenants and not as tenants in common. On July 11, 1932, Richard Kottke and wife, claiming the ownership of the premises, filed an ejectment suit against Mrs. Welnicki and Maryanna Zielinski in the superior court of Cook County, and a general denial was filed by the defendants on August 9, 1932. The suit was tried before a jury on January 10, 1935, in which proceeding a verdict was directed for the plaintiff and judgment in ejectment was entered upon the verdict, but in recording the judgment the clerk omitted the name of Maryanna Zielinski. On May 11, 1938, Maryanna Zielinski filed her motion in said ejectment proceeding praying that an order be entered quashing any outstanding writ of possession and permanently staying all writs of possession and for other relief. This motion was denied by the court on June 2, 1938.

In the ejectment suit no motion was made by the plaintiffs to recover rents nor by the defendants for reimbursement for their tax title interest nor to recover the value of their improvements.

Mrs. Welnicki died in 1937 without remarrying, and the Kottkes conveyed the premises to William H. Loehde by

quitclaim deed dated October 13, 1937. Stanley Rudnick individually paid the taxes levied against the premises for the years 1926 to 1943 but the general taxes for 1925 and prior years were not paid by anyone, and the premises were sold for nonpayment thereof in the amount of $1484.87, which said forfeiture had never been redeemed up to the time of filing the application for registration of title herein.

Loehde filed his application for registration of title to the premises on March 27, 1944, in which application the Rudnicks and others were named as occupants of the premises and as trespassers, and on April 15, 1944, after the filing of said application, said Maryanna Zielinski quitclaimed all of her interest in the premises unto the Rudnicks.

The court held that Stanley Rudnick had not made the tax payments under any title or color thereof held by him and that he was a mere volunteer in making said payments. Likewise, the court held that the ejectment suit and the verdict and judgment rendered therein on January 10, 1935, and the order denying the petition of Maryanna Zielinski in said suit on June 2, 1938, were conclusive of the rights of any parties involved in this proceeding to reimbursement for any improvements placed on said premises and that all the defendants and cross applicants were trespassers without any right, title or interest in said real estate.

The appellants contend that the proceedings are void because Loehde was not in possession of the premises either himself or through someone claiming under him and that the premises were not vacant and, therefore, he was not entitled to registration of the premises under the Torrens Act. They likewise contend that, even if the court had jurisdiction, it erred in holding that the ejectment proceedings were *res judicata* of the issues involved. They also contend that, if the court had jurisdiction and if Loehde was entitled to registration, the court erred in not granting the appellants an allowance for taxes paid and improvements made on the premises in question.

By their first contention the appellants argue that persons in possession of real estate under claim of ownership can be ousted only by an action at law in which they have a right to trial by jury. At the time the application for registration of title was filed by Loehde, the appellants were in possession of real estate under no claim of ownership and had not been in possession under claim of ownership. The title was owned by Mrs. Welnicki and her daughter, Maryanna Zielinski, in joint tenancy, and the appellants did not obtain any interest in the title to the property until after the application to register the title had been filed, at which time they obtained a quitclaim deed from Mrs. Zielinski. In the case of *Sundstrom* v. *The Village of Oak Park*, 374 Ill. 632, an application for registration of title was filed and it was there contended that the applicant had to allege and prove that the premises were vacant or that they were occupied by applicant or someone under him. The court quoted section 11 of the statute, which merely provides that the application must state whether the land is occupied or unoccupied and, if it is occupied by any person other than the applicant, the name and post-office address of each occupant and what estate or interest he has or claims in the land. In that case the application stated that the land was occupied by the park district. We held that, regardless of the language of some prior decisions of this court, as long as the application conformed with the statute and the proof substantiated the application, the applicant was entitled to registration.

In the decree appealed from, the court found that certain defendants were within its jurisdiction and that they were in possession of the premises but that all of them were trespassers without any right or title in the real estate. The record does not preserve the application nor the proofs made and, therefore, the appellants are bound by the terms of the decree in which it appears the jurisdictional questions have been satisfied.

The next contention made by the appellants is that the ejectment suit is no bar to appellants' rights in this proceeding. They had no interest in the premises at the time of the ejectment proceeding. They had ample knowledge and notice of the questionable title they received since it was deeded to them by quitclaim deed after the registration proceeding had been started. The decree we have before us does not contain any error with reference to the findings therein regarding the ejectment suit.

The last argument made by the appellants is that they should be reimbursed for taxes paid by Stanley Rudnick and for improvements placed upon the premises by Mrs. Welnicki. It is to be noted from the decree that Stanley Rudnick had no claim or color of title to the premises at the time he made the tax payments. He was, therefore, a mere volunteer and entitled to no reimbursements. While it is true that Mrs. Welnicki improved the premises considerably after acquiring her claim of title thereto, likewise it appears that at the time of the ejectment suit she had her first opportunity to claim reimbursement and did not do so at that time. Certainly, a delay of more than twelve years after a judgment in ejectment had been awarded against her is such length of time as to preclude anyone at this late date from making claim for reimbursement. Since the proceeding for registration of the title is an equitable proceeding, the court could have required that the applicant make such reimbursement as was fair. In view of the fact that there is no report of proceedings to indicate the type and nature of the hearing, which preceded the decree appealed from, we must assume that the court, in the exercise of its equity power, properly decided the appellants were entitled to no reimbursements.

It is apparent that approximately six years intervened from the time the application for registration of title was originally filed until the decree in favor of the applicant and against the appellants was entered. Certainly, during

that time the appellants had every opportunity to bring in and raise any defense which they could possibly have to the application. We have held that the court had jurisdiction in this case and, because of the fact that we have no information before us other than the decree appealed from, and can find no reason from the decree for reversing the cause or for granting any reimbursement to the appellants for the value of the improvements to the property, we must affirm the decree.

For the reasons stated in this opinion, the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*